UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>    Plaintiff,<br><br>    v.<br><br>HERNANDEZ, et al.,<br><br>    Defendants. | No. 2:17-cv-1206 CKD P<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a motion for injunctive relief.

I. <u>Application to Proceed In Forma Pauperis</u>

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atl. Corp., 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### A. Complaint

Plaintiff asserts four claims for relief against defendants Hernandez, O'Fallon, Hagen, Gonzalez, Pierce, Martinez, Lamb, Sanchez, Karr, M. Hernandez, Pederson, and Altshuler, who are all correctional officers and mental health providers at Mule Creek State Prison (MCSP). (ECF No. 1.)

In Claim One, plaintiff states that between March 6, 2017 and May 18, 2017, defendants Pierce, Lamb, Karr, Martinez, Sanchez, Altshuler, and Pederson, who are all correctional officers, affected his psychiatric treatment when he witnessed them bully defendants Hagen, Gonzalez, Hernandez, O'Fallon, and M. Hernandez, who are medical staff. (Id. at 5.) He states that the correctional officer defendants gave another inmate "the go ahead to expose his penis in the cage during treatment groups" and that he has overheard the medical defendants saying that they are being threatened with physical violence if they do not have sex with the officers. He further alleges that defendant Pierce is the leader and is trying to convert plaintiff into a homosexual "by offering special favors such as: 'the jack off,' exposing [plaintiff's] penis in each treatment group room cage to [the female medical staff]." (Id. at 5-6.) When plaintiff refuses to do these things, the officers retaliate by tightening his handcuffs too tight, sexually harassing him while in the cage for treatment and in his cell, and denying him medical treatment and law library access. (Id. at 6.)

////

In Claim Two, plaintiff states that between March 6, 2017 and May 18, 2017, he was sexually abused by defendants Hernandez, O'Fallon, Hagen, Gonzalez, and Pierce. (Id. at 7.) Specifically, he alleges that during group treatment sessions he witnessed another inmate repeatedly exposing his penis to defendant Hernandez. (Id.) Hernandez would then indicate to plaintiff that she wanted him to expose his penis by looking at his crotch, then looking him in the eyes, nodding yes, and then looking back at his crotch. (Id.) Several months later he exposed himself to Hernandez two times. (Id.) Defendant O'Fallon allegedly made sexual advances to plaintiff in the same manner as Hernandez and he exposed himself to her seven weeks later. (Id.) Plaintiff exposed himself to defendant Gonzalez three times and although he did not expose himself to defendant Hagan, there were multiple occasions where she was able to see that he had an erection through his jumpsuit. (Id.)

In Claims Three and Four, plaintiff alleges that defendant Pierce sexually harassed him on May 4, 2017 and May 11, 2017. (Id. at 8-9.) On May 4, 2017, Pierce allegedly said to plaintiff "Patrick suck my dick" and "you want it in the ass," before leaving the treatment area and then saying to other inmates as he left that "Patrick likes to jack people off" and "Patrick likes it in the ass." (Id. at 8.) On May 11, 2017, Pierce allegedly put his hand to his crotch and squeezed while telling plaintiff to "lick [his] nuts." (Id. at 9.) When plaintiff said that he was not homosexual, Pierce responded by telling him "you want it in the butt" before walking away. (Id.)

### B. Failure to State a Claim

#### 1. Personal Involvement

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or causal connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff does not allege any specific actions by defendants Lamb, Karr, Martinez, Sanchez, Altshuler, Pederson, Hagan, Gonzalez, or M. Hernandez. The allegations against the correctional officer defendants, with the exception of defendant Pierce, are vague and against the "peace officer" defendants generally. (ECF No. 1 at 5-6.) Furthermore, the bulk of the allegations relate to conduct directed at the medical defendants, and while plaintiff does indicate

that the correctional officers may be acting against him when he refuses defendant Pierce's "special favors," he does provide specifics as to who did what. (Id.) With respect to the medical staff defendants, there are no allegations about defendant M. Hernandez, other than that she was apparently a victim of the correctional officer defendants, and the only allegations about defendants Gonzalez and Hagen are that plaintiff exposed himself to them and they were victims of the correctional officers. (Id. at 5-7.) Accordingly, these defendants will be dismissed. Since plaintiff may be able to provide additional facts regarding what these defendants did that he believes violates his rights, he will be given an opportunity to amend the complaint.

### 2. Eighth Amendment Violation

"The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations omitted) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.'" Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (alteration in original) (quoting Wilson, 501 U.S. at 298, 303).

"In the simplest and most absolute of terms" prisoners have a clearly established Eighth Amendment right to be free from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "[a]lthough prisoners have a right to be free from sexual abuse, . . . , the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later

to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)); compare Hill v. Rowley, 658 F. App'x 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment), and Wood v. Beauclair, 692 F.3d 1041, 1046-51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim), with Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate the Eighth Amendment where officer exposed himself to prisoner but never physically touched him), Blacher v. Johnson, 517 F. App'x 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citation omitted), and Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language immediately after prisoner gave testimony against another guard presents cognizable claim).

In Claim One, plaintiff's allegations of sexual harassment focus largely on the harassment of medical staff by correctional staff. This does not state a claim for a violation of plaintiff's Eighth Amendment rights. The more specific allegations against defendant Pierce also fail to state a claim because there is no indication that the comments were accompanied by physical contact or were intended to and did cause psychological damage. Nor do the alleged statements appear to be particularly gross for a prison setting, though they are certainly inappropriate and unprofessional. Moreover, though plaintiff alleges that his injuries include "force and fear, sexual activity pressured or tricked into doing, or to feel safe" and "abuse of power," his factual allegations do not reasonably support these assertions. Plaintiff does allege that the officers

6

punished him when he turned down Pierce's "special favors." However, he has not identified which officers were involved or what each officer did. For these reasons, Claim One fails to state a claim and will be dismissed, but plaintiff will be given an opportunity to amend.

In Claim Two, plaintiff's only allegations are that defendants Hernandez and O'Fallon looked at him in a manner that suggested they wanted him to expose himself and that he did. He also exposed himself to defendants Gonzalez and Hagen, though there is no indication that they encouraged him to do so. There does not appear to have been any physical contact or even any verbal exchange. These allegations fail to state a claim for violation of plaintiff's Eighth Amendment rights and will be dismissed with leave to amend.

Finally, Claims Three and Four identify two incidents where defendant Pierce verbally harassed plaintiff. There does not appear to have been any physical contact between the two and the comments do not appear to be particularly gross or calculated to cause psychological damage. These claims will also be dismissed with leave to amend.

### 3. PREA Violation

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Id. (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989)). The Prison Rape Elimination Act (PREA), 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012); see also Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS 122791, at *9 (E.D. Cal. Dec. 15, 2009); Bell v. County of Los Angeles, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6, 2008 U.S. Dist. LEXIS 74763, *16 (C.D. Cal. Aug. 25, 2008); Inscoe v. Yates, No. 1:08-cv-01588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295, *8 (E.D. Cal. Oct. 28,

2009); see also Blessing, 520 U.S. at 340-41 (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the Act itself contains no private right of action, nor does it create a right enforceable under §1983, to the extent plaintiff's claims that he was injured by the failure to report sexual conduct are an attempt to assert claims under the PREA, he fails to state a claim for relief.

### C. Leave to Amend

If plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

////

////

III. Motion for Preliminary Injunction

Plaintiff has also moved for a preliminary injunction requiring medial staff at MCSP to (1) provide him with an MRI for his left knee and neck, (2) provide physical therapy for his left knee and neck, and (3) reinstate his no stairs chrono. (ECF No. 4 at 2.) He alleges that medical staff are attempting to cover up his injury. (Id. at 1.)

In order to prevail on a motion for preliminary injunctive relief, the Ninth Circuit has held

> that there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant "relief of the same character as that which may be granted finally." De Beers Consol. Mines[ v. United States], 325 U.S. [212,] 220, 65 S. Ct. 1130 [(1945)]. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). The allegations and relief requested in the motion for injunctive relief are unrelated to the allegations in the complaint and this court therefore lacks authority to grant the requested relief. Accordingly, the undersigned will recommend that plaintiff's motion for preliminary injunction be denied.

IV. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately. It is being recommended that your motion for injunctive relief be denied because it is not related to the claims in the complaint.

The complaint is dismissed with leave to amend because the facts you have alleged are not enough to state a claim for relief. Seeing other people being harassed or threatened does not violate your constitutional rights. Verbal harassment, without more, is also not enough to state a claim for the violation of your Eighth Amendment rights. In order to state a claim against someone, you must be specific about what that person did to you that you believe violated your rights and you cannot just refer to the defendants generally.

////

If you choose to amend your complaint, the first amended complaint must include all of the claims you want to make because the court will not look at the claims or information in the original complaint. **Any claims or information not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed with leave to amend.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff must file an original and two copies of the amended complaint. Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

6. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 4) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings

| | |
|---|---|
| 1 | and Recommendations." Plaintiff is advised that failure to file objections within the specified |
| 2 | time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 |
| 3 | (9th Cir. 1991). |
| 4 | Dated: January 2, 2018 |

_(signature)_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:patr1206.14.new