UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>    Plaintiff,<br><br>  v.<br><br>HERNANDEZ, et al.,<br><br>    Defendants. | No. 2:17-cv-1206 MCE CKD P<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff, a former state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Currently before the court are plaintiff's first amended complaint (ECF No. 11), motion to attach missing pages and for a new complaint form (ECF No. 12), and motion for leave to amend and for transfer to a new prison (ECF No. 14).

I.     <u>Amended Complaint</u>

The court is required to screen complaints brought by prisoners[1] seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

---

[1] Although plaintiff has since been released, he was still in custody at the time he filed his amended complaint.

1

Plaintiff has filed two documents captioned as a first amended complaint. (ECF Nos. 11, 13.) However, the second document (ECF No. 13) appears to simply be the first three pages of the amended complaint, which list the defendants and some of his previous lawsuits, and will therefore be disregarded. Plaintiff has also filed a motion requesting that two pages be attached to his first-filed first amended complaint because he inadvertently left them out. (ECF No. 12.) The request will be granted and the court will consider the additional pages (id. at 2-3) when screening the first amended complaint.

Review of the first amended complaint reveals that it is nearly identical to the original complaint. As in the original complaint, plaintiff names Hernandez, O'Fallon, Hagen, Gonzalez, and Pierce as defendants.[2] (ECF No. 11 at 1-2). Plaintiff once again alleges that he is being subjected to sexual abuse and harassment in violation of the Prison Rape Elimination Act (PREA) and the Eighth Amendment. (Id. at 6-9; ECF No. 12 at 2-3.) Specifically, he alleges that defendant Pierce has been engaging in sexual misconduct by forcing defendants Hernandez, O'Fallon, Hagen, and Gonzalez to have sex with him on threat of violence, and as a result of Pierce's abuse, these defendants have begun trying to seduce inmates during group therapy sessions. (ECF No. 11 at 7.) Plaintiff alleges, as he did in the original complaint, that the unwanted sexual advances have come in the form of Hernandez, O'Fallon, Hagen, and Gonzalez pressuring him to expose his penis by looking at his crotch, then looking him in the eyes, nodding yes, and then looking back at his crotch. (Id. at 7; ECF No. 12 at 2-3.)

In Claims Two and Three, plaintiff repeats his allegations that defendant Pierce sexually harassed him by saying "Patrick suck my dick" and "you want it in the ass," before leaving the treatment area and saying to the other inmates that "Patrick likes to jack people off" and "Patrick likes it in the ass." (ECF No. 11 at 8.) He further alleges that Pierce put his hand to his own crotch and squeezed while telling plaintiff to "lick [his] nuts." (Id. at 9.) When plaintiff said that he was not homosexual, Pierce responded by telling him "you want it in the butt" before walking

---

[2] The original complaint also named Martinez, Lamb, Sanchez, Karr, M. Hernandez, Pederson, and Altshuler as defendants, but did not make any allegations against them. (ECF No. 1.) These defendants have not been named in the first amended complaint. (ECF No. 11.)

away. (Id.)

### A. Failure to State a Claim

#### 1. Eighth Amendment Violation

"The Constitution . . . 'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 349 (1981)). Whether a specific act constitutes cruel and unusual punishment is measured by "'the evolving standards of decency that mark the progress of a maturing society.'" Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958) (plurality opinion)). In evaluating a prisoner's claim, courts consider whether "'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (alteration in original) (quoting Wilson, 501 U.S. at 298, 303).

Prisoners have a clearly established Eighth Amendment right to be free from sexual abuse. Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir. 2000). However, "[a]lthough prisoners have a right to be free from sexual abuse, . . . , the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (internal citation omitted). While "the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution." Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citing Schwenk, 204 F.3d at 1198)); compare Hill v. Rowley, 658 F. App'x 840, 841 (9th Cir. 2016) (finding allegations of deliberate, unwanted touching sufficient to state a claim for sexual harassment that violates the Eighth Amendment), and Wood v. Beauclair, 692 F.3d 1041, 1046-51 (9th Cir. 2012) (reversing summary judgment on behalf of defendant because plaintiff's allegations of sexual harassment that included physical contact of a sexual nature was sufficient to state Eighth Amendment claim), with Austin, 367 F.3d at 1171-72 (officer's conduct was not sufficiently serious to violate

3

the Eighth Amendment where officer exposed himself to prisoner but never physically touched him), Blacher v. Johnson, 517 F. App'x 564 (9th Cir. 2013) (sexual harassment claim based on verbal harassment insufficient to state a claim under § 1983) (citation omitted), and Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997) ("To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd."). Verbal harassment may violate the Constitution when it is "unusually gross even for a prison setting and [is] calculated to and [does] cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (drawing gun and terrorizing prisoner with threats of death while using racially offensive language immediately after prisoner gave testimony against another guard presents cognizable claim).

Plaintiff's only claims against Hernandez, O'Fallon, Hagen, and Gonzalez are that they looked at him in a manner that suggested they wanted him to expose himself. He was previously advised that allegations such as this were not sufficient to state a claim for relief. (ECF No. 5 at 6-7.) As in the original complaint, there does not appear to have been any physical contact or even any verbal exchange. In fact, the only difference between the allegations in the first amended complaint and those in the original complaint are that he now alleges that Gonzalez and Hagen encouraged him to expose himself (ECF No. 12 at 2), where in the original complaint he alleged that he exposed himself to them without any indication of encouragement (ECF No. 1 at 7). These allegations once again fail to state a claim for violation of plaintiff's Eighth Amendment rights and it will be recommended that they be dismissed without leave to amend.

Similarly, plaintiff's allegations that Pierce verbally harassed him are also essentially identical to the allegations in the original complaint. It once again does not appear that there was any physical contact between the two, and though inappropriate, the comments do not appear to be particularly gross or calculated to cause psychological damage. Therefore, it will also be recommended that these claims be dismissed without leave to amend.

////

4

    2. PREA Violation

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" Blessing v. Freestone, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Id. (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989)). The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012); see also Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS 122791, at *9 (E.D. Cal. Dec. 15, 2009); Bell v. County of Los Angeles, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6, 2008 U.S. Dist. LEXIS 74763, *16 (C.D. Cal. Aug. 25, 2008); Inscoe v. Yates, No. 1:08-cv-01588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295, *8 (E.D. Cal. Oct. 28, 2009); see also Blessing, 520 U.S. at 340-41 (statutory provision gives rise to federal right enforceable under § 1983 where the statute "unambiguously impose[s] a binding obligation on the States" by using "mandatory, rather than precatory, terms"). Since the Act itself contains no private right of action, nor does it create a right enforceable under §1983, to the extent plaintiff is attempting to allege that his rights under the PREA have been violated, he fails to state a claim for relief and the claims should be dismissed without leave to amend.

  B. No Leave to Amend

In dismissing a complaint, leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987))). However,

if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

Despite the instructions plaintiff was given regarding the type of information necessary to state a claim for relief, the allegations in the first amended complaint are nearly identical to those in the original complaint. The court therefore concludes that plaintiff has no further facts to allege and is convinced that further opportunities to amend would be futile. Accordingly, it will be recommended that the complaint be dismissed without leave to amend.

II.     Motion to Amend and for Transfer

Plaintiff has filed a motion to amend the complaint to add allegations of misconduct against officers at CSP-Corcoran. (ECF No. 14 at 1-2.) These allegations are unrelated to the claims at issue in this case since this case deals with misconduct by officers and medical staff at Mule Creek State Prison. (ECF No. 11.) The motion to amend to add these unrelated claims will therefore be denied. If plaintiff seeks to pursue these claims he will have to do so in a separate action. The motion also seeks an order transferring plaintiff to another prison. (ECF No. 14.) However, plaintiff's most recent notice of change of address indicates that he is no longer in custody. (ECF No. 18.) Accordingly, his request for a transfer will be denied as moot. In light of the denial of plaintiff's motion to amend and his release from custody, his requests for additional complaint forms (ECF Nos. 12, 14) will also be denied.

III.    Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that the complaint be dismissed without leave to amend because the facts you have alleged are not enough to state a claim for relief. Even though the court explained to you why your original complaint did not have enough facts, you made the same claims without adding any new information. It does not appear that another chance to amend will fix the problem.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second-filed first amended complaint (ECF No. 13) is disregarded.

2. Plaintiff's motion to attach two missing pages to his first amended complaint (ECF No. 12) is granted.

3. Plaintiff's motion to amend the complaint (ECF No. 14) is denied.

4. Plaintiff's motion for a transfer (ECF No. 14) is denied as moot.

5. Plaintiff's requests for complaint forms (ECF Nos. 12, 14) are denied.

IT IS FURTHER RECOMMENDED that the first amended complaint (ECF No. 11) be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 17, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:patr1206.dismiss.f&r